UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| Travers, Michael Paul ) | Case No.  21-01786-jw |
| Last Four Digits of SSN: 4150 ) | |
| Travers, April Elaine ) | Chapter 13 |
| a/k/a April Scott Travers ) | |
| Last Four Digits of SSN: 1012 ) | |
| 516 Tram Boulevard ) | |
| Summerville, SC  29486 ) | |
| ) | |
| Debtors ) | |

## NOTICE OF OBJECTION TO CLAIM

Debtors, Michael Paul Travers and April Scott Travers, have filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then within thirty (30) days of service of this notice, you or your lawyer must:

File with the court a written response to the objection, explaining your position, at:

  1100 Laurel Street
  Columbia, SC 29201

Responses filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

  Elizabeth M. Atkins,
  Attorney for Debtors
  P.O. Box 60568
  N. Charleston, SC  29419

Attend the hearing on the objection, scheduled to be heard on **November 18, 2021, at 10:00 a.m.** at the United States Bankruptcy Court, 145 King Street, Charleston, SC  29401.

If no response is timely filed and served, no hearing will be held on this objection, except at the direction of the judge.  If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

| | |
|---|---|
| Dated: September 30, 2021 | /s/ Elizabeth M. Atkins |
| N. Charleston, South Carolina | Elizabeth M. Atkins  D.C. ID #4436 |
| | Attorney for the Debtors |
| | PO Box 60568 |
| | N. Charleston, SC 29419 |
| | Telephone: (843) 763-0333 |

### CERTIFICATE OF MAILING

**I HEREBY CERTIFY that I have served a copy of the Debtor's Objection to Creditor's Claim, dated September 30, 2021, on the Trustee, James M. Wyman, Chapter 13 Trustee, via CM/ECF electronic transmission and  FCI Lender Services, Inc. (for Aspen Properties Group, LLC, as Trustee of AG3 Revocable Trust),  P.O. Box 28720, Anaheim Hills, CA  92809 and J. Pamela Price, Attorney for Creditor, 1709ADevonshire Drive, Columbia, SC  29204  by U.S Postal Service, with sufficient postage attached this 30th day of September 2021.**

                              **BY:/s/ Christy Price**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| Travers, Michael Paul ) | Case No.  21-01786-jw |
| Last Four Digits of SSN: 4150 ) | |
| Travers, April Elaine ) | Chapter 13 |
| a/k/a April Scott Travers ) | |
| Last Four Digits of SSN: 1012 ) | |
| ) | **DEBTORS' OBJECTION TO CLAIM** |
| Debtors  ) | |

Debtors object to the secured claim filed on September 13, 2021, by Aspen Properties Group LLC as Trustee of AG3 Revocable Trust (herein Creditor) in the amount of $31,456.05 (CM/ECF claim #6) on the grounds that the claim fails to comply with Fed.R.Bankr.P. 3001(c)(2)(C) and should be reduced or disallowed in its entirety. Debtors assert the following as the basis for the requested relief:

1. Debtors herein have filed a Chapter 13 Petition and Plan, providing for payment of all allowed claims of Debtors.

2. The Debtors scheduled an obligation owed to Creditor based on a Home Equity Line of Credit Agreement entered into on July 24, 2007, with GMAC Mortgage LLC dba ditech.  Prior to filing the Chapter 13 Petition, Debtors had received no communication from Creditor until a foreclosure complaint was filed on February 2, 2021.  Foreclosure intervention was denied on June 11, 2021;  the time to answer the complaint had not passed when the Chapter 13 Petition was filed on July 6, 2021.

3. On September 13, 2021, a proof of claim was filed by Creditor with the following assignments attached:

    a. Trinity Financial Services, LLC to Aspen Properties Group, LLC, as Trustee of AG3 Revocable Trust recorded on March 7, 2019;
    b. MERS on behalf of GMAC Mortgage LLC to Trinity Financial Services, LLC recorded on July 25, 2007.

    The debt appears to have been serviced by FCI Lender Services, Inc.;  along with the Note, Mortgage and Assignments, Creditor attached two statements, dated July 23, 2021 and August 23, 2021, to its proof of claim.  The statements were purportedly mailed to Debtor Michael Paul Travers after the filing of the Chapter 13 Petition.  Both of the statements reference an Adjustable-Rate Mortgage with a stated interest rate of 4.00% and also reference a remaining loan term of 137 months.

4. Form 410A is attached to the proof of claim, and contains the following information:

    a. Part 1- Creditor Aspen Properties Group/ Servicer, FCI Lender Services, Inc.;  fixed interest rate of 4%.
    b. Part 2 – Principal balance due in the amount of $18,925.63;  interest due in the amount of $8,819.29; fees, costs due $3,711.13 for a total debt in the amount of $31,456.05.
    c. Part 3 -  $31,456.05 arrearage, with a notation that the loan matures July 20, 2022.
    d. Part 4 -  monthly mortgage payment totalling $340.76.
    e. Part 5 – loan payment history, no information provided.

5. 11 U.S.C. §502(a) provides that "[A] claim or interest, proof of which is filed under §501 is deemed allowed, unless a party in interest . . . objects."

6. Section 502(b)(1) provides that the Court may disallow a claim if "such claim is unenforceable against the Debtor and property of the Debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Debtors contend that Form 410A is incomplete resulting in the inability to determine if the claim amount has been properly calculated. The attachments to the claim are also inconsistent with the information that is set forth on Form 410A. Debtors contend that the claim incorrectly states the amount owed under the terms of the promissory note. Further, Debtors dispute the calculation of the payment amount as it does not appear to be consistent with the loan documents.

7. Debtors filed an Amended Plan on September 17, 2021, that provides for the payment of the principal amount owed. The disputed claim was filed on September 13, 2021, which was the deadline for filing proofs of claim. On September 17, 2021, the attorney for the Trustee communicated with Creditor attorney regarding the failure of the claim to meet the requirements of Fed.R.Bankr.P. 3001(c)(2)(C). No attempt has been made to supply the omitted information. Debtors' attorney also communicated with Creditor attorney via e-mail on August 24, 2021, regarding the timing of filing the proof of claim.

WHEREFORE, Debtors move this Court to inquire into this matter and requests that the Court-

A. Disallow the proof of claim of Creditor pursuant to Fed.R.Bankr.P. 3001(c)(2)(D);
B. Preclude Creditor from presenting the omitted information in the form of an Amended Proof of Claim or Addendum to the Proof of Claim.
C. Award attorney fees and reasonable expenses to Debtors' attorney caused by the failure to provide the information.

Dated: September 30, 2021
N. Charleston, South Carolina

/s/ Elizabeth M. Atkins
Elizabeth M. Atkins D.C. ID #4436
Attorney for the Debtors
PO Box 60568
N. Charleston, SC 29419
Telephone: (843) 763-0333