**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**
*Charleston Division*

| | |
|---|---|
| IN RE:<br>Michael Paul Travers<br>April Elaine Travers<br>　　Debtors<br>_____ | Case No. 21-01786-jw |
| Michael Paul Travers<br>April Elaine Travers<br>　　Debtors | Chapter 13 |
| vs.<br><br>Aspen Properties Group LLC as Trustee of AG3<br>Revocable Trust<br>　　Claimant | <u>Claim No. 6-2</u> |

**<u>POST-HEARING MEMORANDUM IN SUPPORT</u>**

　　COMES NOW, Aspen Properties Group LLC as Trustee of AG3 Revocable Trust (hereinafter "Claimant"), by and through undersigned counsel, submits this Post-Hearing Memorandum of Law in support of its response to Debtors' Objection to Claim and Supplement respectfully states as follows:

**<u>FACTUAL BACKGROUND</u>**

　　1.　　On or about July 6, 2021, Michael Paul Travers and April Elaine Travers (hereinafter "Debtors") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

　　2.　　At the time of initiation of the bankruptcy proceedings, the Debtors owned a parcel of real estate located in Berkeley County, South Carolina, and improved by a residence known as 516 Tramway Boulevard, Summerville, South Carolina  29486 (hereinafter "Property").

3. Claimant is a secured creditor of the Debtors and Claimant holds a junior lien on the subject Property pursuant to a Home Equity Line of Credit Agreement dated July 24, 2007. Both Debtors are signatories to the agreement.

**PROCEDURAL BACKGROUND**

4. On or about September 30, 2021, Debtors filed an Objection to Claim (ECF No. 29) alleging certain discrepancies contained in the calculation of pre-petition arrears.

5. Claimant filed a response thereto (ECF No. 33) and also subsequently filed an Amended Proof of Claim (Claim No. 6-2) with the aim of addressing Debtors' Objection to Claim.

6. On or about November 10, 2021, approximately a month later, Debtors filed a Supplement to Objection to Claim (ECF No. 34) (hereinafter "Supplement") that presented a wholly separate allegation, that the underlying loan and the existing lien were invalid due to events that may or may not have occurred at loan origination.

7. More specifically, Debtors allege in the Supplement that "It does not appear that the closing of the loan was properly supervised by an attorney" and that pursuant to *Matrix Financial Services Corporation v. Frazier, et. al.*, 394 S.C. 134 (S.Ct. 2011), that "[a] closing conducted without the supervision of an attorney constitutes the unauthorized practice of law and clearly violates South Carolina law." Supplement, Page 2.

8. This Court held a hearing on November 18, 2021. After hearing arguments from both parties, this Court invited the parties to submit post-hearing memoranda in support of their respective positions, specifically related to the allegations contained in the Objection but more specifically, those allegations contained in the Supplement.

9.      On or about December 3, 2021, Debtors submitted a Memorandum in Support (ECF No. 45) (hereinafter "Debtors' Memorandum").

**ARGUMENT**

10.     Debtors rely on *State of South Carolina vs. Buyers Service Company, Inc.* 357 S.E.2d 15 (S.C. 1987) and *Matrix Financial Services Corp. vs. Frazer, et al.*, 714 S.E.2d 532 (S.C. 2011) for the proposition that a real estate closing that is not conducted with the supervision of a licensed attorney is subject to being voided.

11.     *In re Buyers* involved a commercial title company that put forth itself as a company equipped to assist homeowners in purchasing residential real estate and the company's clients are usually prospective home purchasers referred by local real estate agents. 357 S.E. 2d 15. Clearly, the court in this matter was considering a situation where an entity represented borrowers and purported to act and perform legal actions on behalf of the borrower. The *Buyers Service* court's concern in this case was the protection of consumers vis-à-vis the Code of Professional Responsibility with the broader aim of ensuring public confidence in the legal process and the South Carolina bar. In contrast, the actors identified by Debtors in the present matter never represented themselves as legal counsel or representatives on behalf of Debtors and instead conducted themselves in due course to ensure clear title for a routine loan transaction.

12.     At no time since loan origination and now over 14 years later after enjoying the funds provided by Claimant, Debtors now lodge this new complaint with scant warning. In fact, Debtors' Schedule D lists Claimant's debt and does not indicate that the claim and the underlying lien was ever in dispute.

13. Next, Debtors rely on *Matrix Financial Services Corp. vs. Frazer, et al.* for the proposition that because no attorney, allegedly, was present at Debtor's real estate closing, that the entire lien is void. <u>Debtors' Memorandum</u>, Page 3.

14. Inexplicably, Debtors have provided to this Court scant analysis of subsequent case law in South Carolina related the issue presented. The court in *BAC Home Loan Servicing vs. Kinder*, 398 S.C. 619 (S.Ct. 2012) not only addressed this issue but also took noticeable pains to clarify and distinguish the ruling in *Matrix vs. Frazer*.

15. The *BAC Home vs. Kinder* court stated unequivocally that "the closing of a loan without attorney supervision constitutes the unauthorized practice of law . . . **However**, in a substitute opinion issued on rehearing, we explained that this holding would be **prospective only**, stating that we would "apply this ruling to all filing dates **after the issuance of this opinion**, which was **August 8, 2011**." *Id*. "To the extent some **confusion** apparently exists as to what filing date *Matrix* referred to, we **clarify now** that it is the date the document a party seeks to enforce was filed." 398 S.C. 619 (emphasis added). In the *Matrix* matter, similar to the present situation, the loan originated and was recorded in 2007, well before the issuance of *Matrix* opinion nearly 24 year later. The *BAC Home vs. Kinder* court recognized the uncertainty created by the *Matrix* opinion and conclusively set a bright line rule, that "regardless of whether an attorney participated in the closing of Mortgage 2, BAC would not be barred from recovery by the illegality." *Id*.

16. Finally, Debtors' current allegations related to the validity of Claimant's lien does not conform to Federal Bankruptcy Rules 3007 and 7001 which states in relevant part:

> "(b) Demand for Relief Requiring an Adversary Proceeding. A party in interest **shall not** include a demand for relief of a kind specified in Rule 7001 in an objection to an allowance of a claim, but may include the objection in an **adversary proceeding**."

4

Fed.Bankr.Rule 3007(b) (emphasis added).

Federal Bankruptcy Rule 7001 goes on to say in relevant part:

> "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>
> . . . (2) a proceeding to determine the **validity**, priority, or extent of a **lien** or other interest in **property** . . ."

Fed.Bankr.Rule 7001(2) (emphasis added).

Debtors' attempt to invalidate Claimant's entire debt and lien and its equitable remedies, constitute the type of relief that fall squarely within the form of proceedings contemplated by Rules 3007 and 7001. That is to say, the rules will not permit Debtors to utilize a relatively perfunctory claim objection process to achieve a result that is reserved for an adversary proceeding.

## DEBTORS' PROOF OF CLAIM ALLEGATIONS

17.    On or about September 13, 2021, Claimant filed a proof of claim (Claim No. 6-1) indicating a total debt claim of $31,456.05, the loan being scheduled to mature on July 20, 2022, well before completion of the Chapter 13 Plan.

18.    On or about September 30, 2021, Debtors filed an Objection to the proof of claim (ECF No. 29) indicating the following issues: "Debtors contend that Form 410A is incomplete resulting in the inability to determine if the claim amount has been properly calculated. The attachments to the claim are also inconsistent with the information that is set forth on Form 410A. Debtors contend that the claim incorrectly states the amount owed under the terms of the promissory note. Further, Debtors dispute the calculation of the payment amount as it does not appear to be consistent with the loan documents." Objection, Paragraph 6.

5

19. On or about October 25, 2021, in response to Debtors' concerns, Claimant filed an Amended Proof of Claim (Claim No. 6-2) which, upon information and belief substantially addressed and corrected the oversights that Debtors identified. Moreover, the claim was reduced for the benefit of Debtors. Consequently, Claimant has, in good faith, satisfied Debtors' concerns related to pre-petition accounting contained in the proof of claim and considers those issues conclusively addressed.

## CONCLUSION

20. Based on the foregoing examination of prevailing South Carolina case law, Debtors cannot prevail on its assertions.

21. Based on the foregoing recitation of existing Federal Bankruptcy Rules, Debtors have not properly presented to the Court issues related to lien validity.

22. Consequently, Debtors' last minute attempts to invalidate the debt and lien through its Objection and Supplement should be summarily overruled.

WHEREFORE, Defendant request that the Court enter an Order OVERRULING Debtors' Objection and Supplement and grant such other and further relief as it deems proper.

Date: December 9, 2021

Respectfully submitted,

  /s/ J. Pamela Price, Esq.
J. Pamela Price, Esq., I.D. 14336
McMichael, Taylor & Gray LLC
1709A Devonshire Drive
Columbia, SC  29204
pprice@mtglaw.com
*Counsel for Claimant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 09, 2021, the following persons were served a copy of the foregoing memorandum in the manner described below:

*Via* CM/ECF Electronic Notice:

Elizabeth M. Atkins, Esq.  
P.O. Box 60568  
N. Charleston, SC  29419  
*Counsel for Debtors*

James M. Wyman  
P.O. Box 997  
Mount Pleasant, SC  29465-0997  
*Chapter 13 Trustee*

*Via* First Class Mail, Postage Prepaid:

Michael Paul Travers  
516 Tram Boulevard  
Summerville, SC  29486  
*Debtor*

April Elaine Travers  
516 Tram Boulevard  
Summerville, SC  29486

*/s/ J. Pamela Price*  
J. Pamela Price